UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YOSIEL GARCIA HERNANDEZ (A-Number: 240-115-522),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-03364-KES-CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE

Docs. 1, 7

Petitioner Yosiel Garcia Hernandez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  According to respondents, petitioner entered the United States in 2023, and was detained and "released from DHS's custody," before being re-detained in 2026.  Doc. 5 at 1.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 7, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering that petitioner be provided a bond hearing pursuant to 8 U.S.C. § 1226(a).  Doc. 7.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven days after service.  On July 10, 2026, respondents filed a one sentence objection, objecting "[f]or the reasons set forth in Respondents' previous briefing."  Doc. 8.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, including respondents' objections, the Court adopts the findings and

1

recommendations in part.  The findings and recommendations correctly concluded that 8 U.S.C. § 1226(a) is the statute that should have governed petitioner's detention.  Doc. 7; *see, e.g.*, *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *4–8 (E.D. Cal. Nov. 12, 2025).

But based on the fact that petitioner was "released from DHS's custody and then re-detained," *see* Doc. 5, petitioner also raises a procedural due process claim, *see* Doc. 1 at ¶¶ 111–24.  The Court has also addressed that claim in many cases.  *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

At an initial bond hearing pursuant to 8 U.S.C. § 1226(a), "the burden is on the non-citizen to" show that he is not a flight risk or danger.  *See Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).  But at a bond hearing ordered on procedural due process grounds, the burden is on the government to show that the noncitizen is a flight risk or a danger by clear and convincing evidence, *see Luis Alberto R.C.*, 817 F. Supp. 3d at 928.  The reason for this difference is that the noncitizen's "initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk."  *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025).  "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention."  *Id.*

While the findings and recommendations recommended that petitioner be provided a post-deprivation bond hearing, Doc. 7, the Court finds that petitioner should be released, subject to a pre-deprivation bond hearing if respondents seek to redetain him.  Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-

deprivation hearing.  *See Guillermo M. R.*, 791 F.Supp.3d at 1035-37; *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)).  Respondents fail to establish any such urgent concern in this case.[1]  Respondents do not show that petitioner has a criminal history, and they do not assert that he is a flight risk or danger to the community.  *See* Doc. 5; Doc. 5-1 at 2.

The Court ORDERS:

1.  The findings and recommendations, Doc. 7, are ADOPTED in part.

2.  The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3.  Respondents are ORDERED to release petitioner Yosiel Garcia Hernandez (A-Number: 240-115-522) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

4.  Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

5.  The Clerk of Court is directed to close this case and enter judgment for petitioner.

6.  The Clerk is directed to terminate any remaining motions as moot.

7.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:   July 12, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner was detained after being stopped by local authorities, allegedly for speeding, and reported to immigration authorities.  *See* Doc. 5-1 at 2.

3